IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIGUEL ALEJANDRO BERNAL AYON, <br><br> Petitioner, <br><br> v. <br><br> SAMUEL OLSON, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement, et al., <br><br> Respondents. | Case No. 25-cv-13583 <br> Honorable Joan B. Gottschall |

## ORDER

Miguel Alejandro Bernal Ayon, a native and citizen of Mexico who has lived in the United States for twenty-five years, petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his immigration-related detention, without an individualized bond hearing, by U.S. Immigration and Customs Enforcement ("ICE"). Pet. 1, Dkt. No. 1. Respondents filed a memorandum of law in opposition on November 10, 2025. Dkt. No. 12; *see also id.* at 2 & Ex. A (incorporating by reference response memorandum filed in a prior case).

Bernal Ayon entered the United States without inspection in 2000. Pet. ¶ 11. His wife and two teenaged children are U.S. citizens. Pet. ¶ 11. His wife's Form I-130 application to adjust his status has been approved, and according to his attorney, Bernal Ayon is awaiting a consular interview, which is the final substantial step in the process of being admitted as a lawful permanent resident. *See* Pet. ¶ 11.

Bernal Ayon was arrested in Elgin, Illinois, on November 4, 2025. Pet. ¶ 1. When he filed his habeas petition, he was housed at the ICE facility in Broadview, Illinois. Status Report 1, Nov. 7, 2025, Dkt. No. 9.

A writ of habeas corpus is appropriate if the applicant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Bernal Ayon

contends that he is statutorily entitled to a bond hearing in accordance with 8 U.S.C. § 1226. Respondents counter that Bernal Ayon is subject to mandatory detention under 8 U.S.C. § 1225. Respondents also argue that this court lacks subject matter jurisdiction under certain provisions of 8 U.S.C. § 1252, that the habeas petition is unripe, and that petitioner has not exhausted his administrative remedies. *See* Resp. to Pet. 2–3, Dkt. No. 12; *id.* Ex. A.

Identical legal arguments have been advanced by the government in dozens of habeas corpus cases in this judicial district over the past months. Every judge of this court who has had occasion to opine has rejected the government's legal position and granted habeas corpus relief, holding that the non-citizen detainee is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See, e.g.*, *Ramazan Mirzoev v. Olson*, 2025 WL 3101969, at *4 (N.D. Ill. Nov. 6, 2025); *Alarcon Delgado v. Olson*, No. 25-cv-13306, slip op. at 2 (N.D. Ill. Nov. 4, 2025); *Mariano Miguel v. Noem*, 2025 WL 2976480, at *7 (N.D. Ill. Oct. 21, 2025); *Ochoa Ochoa v. Noem*, 2025 WL2938779, at *8 (N.D. Ill. Oct. 16, 2025); *H.G.V.U. v. Smith*, 2025 WL 2962610, at *6 (N.D. Ill. Oct. 20, 2025). This court agrees with, and adopts the reasoning of, its colleagues. Specifically, this court determines in the case at bar that: (1) it has subject matter jurisdiction over this habeas corpus action; (2) the Article III ripeness doctrine does not bar adjudication; (3) petitioner need not exhaust administrative remedies because doing so would be futile; and (4) petitioner is detained under the authority of 8 U.S.C. § 1226(a) , not 8 U.S.C. § 1225(b)(2).

For the reasons stated, the petition for a writ of habeas corpus, Dkt. No. 1, filed by Miguel Alejandro Bernal Ayon, is granted and the court orders:

Within five days, on or before November 15, 2025, respondents must either: (1) provide petitioner with a bond hearing before an Immigration Judge, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, petitioner's continued detention; or (2) release petitioner from custody. A joint status report is due by noon on November 17, 2025. The joint status report must update the court on petitioner's release status, including whether and when a bond hearing was held, and inform the court of the reasons for the Immigration Judge's decision.

Date: November 11, 2025  /s/ Joan B. Gottschall
United States District Judge